UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MULTISTAR INDUSTRIES, INC.,<br><br>Defendant. | NO. 2:21-CV-0262-TOR<br><br>ORDER DENYING MOTION TO AMEND, MAKE ADDITIONAL FINDINGS OR ALTER JUDGMENT, OR FOR NEW TRIAL |

BEFORE THE COURT is Defendant's Motion to Amend, Make Additional Findings or Alter Judgment, or for New Trial. ECF Nos. 90, 95. These matters were considered by the Court without oral argument. The Court has reviewed the record and files herein, considered the evidence, testimony, and the parties' arguments and completed briefing, and is fully informed.

## DISCUSSION

A motion for reconsideration of a judgment may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255,

1262 (9th Cir. 1993).  Rule 52(b) allows the court to amend its findings or make additional findings and may amend the judgment accordingly.  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *Id*. at 1263; *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (citation omitted). Whether to grant a motion for reconsideration is within the sound discretion of the court.  *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

A district court does not abuse its discretion when it disregards legal arguments made for the first time on a motion to alter or amend a judgment. *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (quotation marks and citations omitted); *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").  Evidence available to a party before it files its opposition is not "newly discovered evidence" warranting reconsideration of summary judgment.  *See Frederick S. Wyle Prof'l Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985).

Defendant essentially raises eight issues.  Defendant seeks for the Court to

"take additional testimony, amend its findings of fact and conclusions of law, or make new ones, and amend the judgment accordingly." However, Defendant had a full and fair opportunity to introduce evidence and call witnesses at the trial. Here, the Court does not find that the Defendant has raised any new issues or uncovered any manifestly unjust finding such that amendment or a new trial is warranted.

The first and second issues Defendant raises are the Court's finding that the "rail cars were not attached to motive power while stored and were not 'incident to shipping' because no shipping papers covered the rail cars when they were stored on Multistar's property." Defendant contends no regulation requires motive power nor the shipping paperwork. Defendant ignores that this Court was making factual findings, combined with many other facts, which showed that Defendant was storing TMA for extensive periods of time. The Court is not suggesting a provision within the Clean Air Act explicitly requires shipping papers or the existence of motive power in order to determine whether a rail car is stationary or in active transportation. Critically, the evidence showed that Multistar warehoused the TMA for Eastman for lengthy periods of time and was paid to do so. No error has been shown that would affect the Court's decision.

Defendant alleges that the rail cars did in fact have shipping papers and other documents which support that the rail cars were a "thru shipment" to Moses Lake, Washington, and that this was shown in evidence produced at trial. ECF No. 90 at

6. The Court already acknowledged the difference between the bill of lading that covered the TMA arrival at Multistar and the separate papers which cover the transloaded shipment to Eastman's customer, and previously disposed of this claim directly.  ECF No. 56 at 14; ECF No. 85 at 7 ("no shipping papers covered the rail cars when they were stored on Multistar's property").  Defendant introduced no exhibits at trial which suggest there are shipping papers which cover the TMA storage and offers no additional evidence for the Court to consider now.  ECF No. 85 at 6.

Defendant's third issue is the Court's rejection of Multistar's claim of good faith researching the law.  Mr. Vanourek testified that he researched it and asked a lawyer and consultant and then decided that "I don't have to do this. . . it doesn't apply to me. . ."  The Court considered the information referenced, but still did not find good faith based on the record.  ECF No. 85 at 9.  A disagreement with the Court's conclusion based on the evidence available to the Court is not grounds for reconsideration. The Defendant has provided no "new" evidence.  The Court's finding stands.

Defendant's fourth and fifth issues concerned the Court's finding that the Defendant did not submit any evidence of mitigation of the penalty nor its financial impact.  However, the Court recited the number of Defendant's employees and considered the mitigation factors.  Defendant had the burden of proof with respect

ORDER DENYING MOTION TO AMEND, MAKE ADDITIONAL
FINDINGS OR ALTER JUDGMENT, OR FOR NEW TRIAL ~ 4

to its financial condition.  Defendant maintains that the burden of establishing

financial condition is with Plaintiff, as their burden to rebut the size of Multistar

for penalty purposes.  ECF No. 90 at 10.  This is incorrect.  *States v. Smith*, 149

F.3d 1172 (4th Cir. 1998).  The burden is first on Defendant to make a showing of

their financial status for penalty purposes, and then the burden shifts to Plaintiff.

Despite Defendant not presenting any firm evidence, the Court reduced the penalty

from over $782 million to $850,000.  Defendant asserts that the penalty levied

against it is out of step with other recent penalties imposed by the EPA.  ECF No.

90 at 11-13.  Defendant could have raised this argument at an earlier stage in the

proceedings, as the penalty sought by the EPA to recover from Defendant has been

available since the start of this matter.  The Court was informed on its decision,

and Defendant has not produced new and relevant evidence which would indicate

amendment or reconsideration is warranted.  The Court's ruling stands.

Defendant's sixth issue is whether the Defendant made good faith efforts of

compliance in handling TMA.  Plaintiff proved that Defendant did not comply with

the regulations and statute and therefore Defendant did not make a good faith effort

at compliance.  Mr. Vanourek even testified that "I don't have to do this. . . it

doesn't apply to me. . ."  The Court's finding stands.

Defendant's seventh issue concerns the number of days Defendant was

found to be in violation of the Clean Air Act.  The number of days the Court

calculated applied to each violation.  Thus, it was not 17 years of violations, but numerous daily violations over the years involved.  No error has been shown.

Defendant's eighth issue concerns whether the fine imposed violates the 8th Amendment of the Constitution.  Defendant also posits that it may violate the 14th Amendment.  However, the 14th Amendment applies to the states, not the federal government.  In any event, the amount of the fine was tremendously less than the statutory maximum penalty allowed for by law.

Considering the gravity of the violation and the risks involved, the penalty is not grossly disproportionate to the potential harm and failure to comply with the law for the period of time at issue.  *See e.g., Newell Recycling Co. v. U.S. E.P.A.*, 231 F.3d 204, 210 (5th Cir. 2000); and *United States v. Mackby*, 339 F.3d 1013 (9th Cir. 2003).  Thus, the imposed fine does not violate the 8th Amendment.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion to Amend, Make Additional Findings or Alter Judgment, or for New Trial, ECF Nos. 90, 95, are **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.  The file remains **CLOSED**.

DATED September 28, 2023.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION TO AMEND, MAKE ADDITIONAL
FINDINGS OR ALTER JUDGMENT, OR FOR NEW TRIAL ~ 6